# EXHIBIT D

After Recording Return To:
Unison Agreement Corp.
P.O. Box 26800
San Francisco, CA 94126-6800

Unison HomeBuyer Agreement ID Number:
FRX-079772

__________________**[Space Above This Line For Recording Data]**__________________

# UNISON HOMEBUYER MORTGAGE

DEFINITIONS

**(A) "Unison HomeBuyer Security Instrument"** means this document, which is dated 01/08/2019 together with all Riders to this document.
**(B) "Mortgagor"** is KEITH B. ALLEN AND DAWN M. ALLEN, AS JOINT TENANTS.
**(C) "Mortgagee"** is Unison Agreement Corp., corporation, and its successors and assignees. Mortgagee is a Delaware corporation. Mortgagee's address is is 650 California Street, Suite 1800, San Francisco, CA.
**(D) "Unison HomeBuyer Agreement"** means the Unison HomeBuyer Covenant Agreement (**"Unison HomeBuyer Covenant Agreement"**), Unison HomeBuyer Option Agreement (**"Unison HomeBuyer Option Agreement"**) and the Memorandum Of Unison HomeBuyer Agreement (**"Unison HomeBuyer Recorded Memorandum"**), together with this Unison HomeBuyer Security Instrument.
**(E) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(F) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

Capitalized terms used in this Unison HomeBuyer Security Instrument shall have the meanings specified in this Unison HomeBuyer Security Instrument, or if not defined herein, in that certain Unison HomeBuyer Covenant Agreement (**"Unison HomeBuyer Covenant Agreement"**), Unison HomeBuyer Option Agreement (**"Unison HomeBuyer Option Agreement"**) and that certain Memorandum Of Unison HomeBuyer Agreement (**"Unison Recorded Memorandum"**), which documents, together with this Unison HomeBuyer Security Instrument, are collectively termed the **"Unison HomeBuyer Agreement."**

**1. <u>Transfer of Rights in the Property.</u>**


© 2018 Real Estate Equity Exchange

MORTGAGOR HEREBY mortgages, grants, and conveys to Mortgagee, and its successors and assignees, all of that property ("**Real Property**") located at [redacted] Farrington St N, Roseville, MN 55113 as described in **SCHEDULE A**, attached hereto and made a part hereof.

Together with all improvements, replacements and additions now or hereafter erected on the Real Property and all easements, appurtenances and fixtures now or hereafter a part of the Real Property. (The fixtures, improvements and the Real Property are collectively referred to as the "**Property**.")

Together with all rents, issues, profits and proceeds, including without limitation insurance and condemnation proceeds, from the Real Property, subject, however, to the right, power and authority given to and conferred upon Mortgagee below to collect and apply such rents, issues and profits.

MORTGAGOR COVENANTS that Mortgagor is lawfully siesed of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for Permitted Encumbrances and the Permitted Senior Lien. Mortgagee warrants and will defend generally the title to the Property against all claims and demands, subject to Permitted Encumbrances and the Permitted Senior Lien.

**2. Uniform Covenants.**

This Unison HomeBuyer Security Instrument combines uniform covenants for national use and non-uniform covenants Mortgagor makes the grant, transfer and assignment set forth in the "Grant" Section above for the purpose of securing:

**a.** Mortgagor's performance and Mortgagee's rights, under the Unison HomeBuyer Agreement;

b. the performance and payment of the obligations of Mortgagor under the Unison HomeBuyer Agreement, including:

**(i)** payment of all **Protective Advances**, including any unpaid interest and other fees and charges associated with such Protective Advances, owed to Mortgagee under the Unison HomeBuyer Covenant Agreement;

**(ii)** payment of all **Asset Administration Fees** owed to Mortgagee under the Unison HomeBuyer Covenant Agreement;

**(iii)** payment of all insurance proceeds owed to Mortgagee pursuant to **Sections 8.16(e) and (f)** of the Unison HomeBuyer Covenant Agreement;

**(iv)** payment of all condemnation proceeds owed to Mortgagee pursuant to **Section 8.17** of the Unison HomeBuyer Covenant Agreement;



© 2018 Real Estate Equity Exchange

(v) performance of those obligations to Mortgagee specified in the Unison HomeBuyer Agreement pursuant to **Articles Three, Four, Five, Eight and Nine** of the Unison HomeBuyer Covenant Agreement, including, without limitation, payment of the Investor Interest under the Unison HomeBuyer Agreement; and

(vi) performance of the obligations of Mortgagor under **Section 7.4** of the Unison HomeBuyer Covenant Agreement regarding Mortgagee's right to sell the Property following exercise of the **Option** and during **Orderly Sale.**

c. damages (subject to liquidation as provided below) arising to, or incurred by, Mortgagee from Mortgagor's failure to act or interference with Mortgagee's rights under the Unison HomeBuyer Agreement. Mortgagor and Mortgagee agree and acknowledge that the damages that would arise from Mortgagor's failure to act or interference are uncertain, depend on many factors, and would be extremely difficult to ascertain. Therefore, in a good faith effort to determine a method for reasonably estimating and liquidating the damages which would be incurred by Mortgagee arising from Mortgagor's interference or failure to act, Mortgagor and Mortgagee agree to the **Liquidated Damages** specified in **Section** below;

**d.** the performance of the obligations of Mortgagor contained in this Unison HomeBuyer Security Instrument or incorporated by reference;

**e.** any expenditures made by Mortgagee pursuant to, or under, this Unison HomeBuyer Security Instrument;

**f.** payment of all fees and expenses (including, as allowed by applicable law, court and other dispute resolution costs, attorneys' and experts' fees and costs, and fees and disbursements of in-house counsel (collectively "**Attorneys' Fees**")) incurred by Mortgagee in the enforcement and collection of the obligations listed above and the protection of Mortgagee's rights related thereto, whether such fees are incurred in any state, federal, appellate, or bankruptcy court or otherwise and whether or not litigation or arbitration is commenced. Attorneys' Fees shall include, without limitation, Attorneys' Fees incurred in any state, federal, appellate, or bankruptcy court, and in any bankruptcy case or insolvency proceeding, of any kind in any way related to this Unison HomeBuyer Security Instrument, to the interpretation or enforcement of the parties' rights under this Unison HomeBuyer Security Instrument, or to the Property;

The foregoing obligations are collectively referred to herein as the "**Obligations.**"

**g.** Mortgagor shall not be obligated to repay any part of the **Unison Down Payment** (as defined in the Unison HomeBuyer Agreement); and therefore, such items shall not be included within the Obligations. The foregoing shall <u>not</u>, however, in any way limit any payments calculated and agreed by Mortgagee to be paid pursuant to the Unison HomeBuyer Agreement, according to the calculation of **Investor Proceeds** and **Investor Interest** (as defined in the Unison HomeBuyer Agreement), including, without limitation, any such calculation in connection with a **Special Termination** as defined in **Section 6.2** of the Unison HomeBuyer Covenant Agreement.



© 2018 Real Estate Equity Exchange

3. **Uniform Commercial Code Security Agreement and Fixture Filing.**

This Unison HomeBuyer Security Instrument is intended to be and shall constitute a security agreement under the Minnesota Uniform Commercial Code for any items of personal property that constitute fixtures or are specified as part of the Property and that under applicable law may be subject to a security interest under the Minnesota Uniform Commercial Code. Mortgagor hereby grants to Mortgagee a security interest in those items to secure the performance and payment of the Obligations.

**b.** Mortgagor agrees that Mortgagee may file either this Unison HomeBuyer Security Instrument, or a copy of it, or a UCC-1 Financing Statement in the real estate records or other appropriate index and/or in the Office of the Secretary of the State of Minnesota, as a financing statement for any of the items specified above as part of the Property.

**c.** Mortgagee may file such extensions, renewals, amendments and releases as are appropriate to reflect the status of its security interest.

**d.** Mortgagor shall pay all costs of filing such financing statements and any extensions, renewals, amendments, and releases of such statements, and shall pay all reasonable costs and expenses of any record searches for financing statements that Mortgagee may reasonably require.

**e.** On any default hereunder, Mortgagee shall have the remedies of a secured party under the Minnesota Uniform Commercial Code and may also invoke the remedies in **Sections 7 and 20** below. In exercising any of these remedies, Mortgagee may proceed against the items of Real Property, fixtures or improvements separately or together and in any order whatsoever without in any way affecting the availability of Mortgagee's remedies under the Minnesota Uniform Commercial Code or the remedies in **Sections 7 and 20** below.

4. **Absolute Assignment Of Leases And Rents.**

Mortgagor hereby irrevocably, absolutely and unconditionally assigns to Mortgagee all of Mortgagor's right, title and interest in and to all existing and future leases, subleases and licenses relating to the use, occupancy or enjoyment of all or any part of the Property and all rents, income, revenues, profits, proceeds and earnings now or hereafter payable with respect to the ownership, use or occupancy of the Property (collectively the "**Rents**"):

**a.** Mortgagor hereby gives to, and confers upon, Mortgagee the right, power and authority, during the continuance of this Unison HomeBuyer Security Instrument, to collect the Rents, reserving unto Mortgagor the right, prior to any default by Mortgagor in payment of the Obligations secured hereby or in performance of any agreement hereunder, to collect and retain such Rents, as they become due and payable.

**b.** Upon any such default, Mortgagee may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of



© 2018 Real Estate Equity Exchange

any security for the Obligations secured hereby, enter upon and take possession of the Property or any part of it, in its own name sue for or otherwise collect such Rents, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including Attorneys' Fees to the Obligations secured hereby, and in such order as Mortgagee may determine.

c. The entering upon and taking possession of the Property, the collection of such rents, issues and profits and the application of such rents, issues and profits pursuant to this Unison HomeBuyer Security Instrument, shall not cure or waive any default or notice of default under this Unison HomeBuyer Security Instrument or invalidate any act done pursuant to such notice.

a. Nothing in this section shall permit Mortgagor to lease or rent the Property in contravention of any provision of the Unison HomeBuyer Agreement; nor shall anything in this section modify any provision in the Unison HomeBuyer Agreement relating to the use, lease or occupancy of the Property.

**5. <u>Covenants of Mortgagor Regarding the Property.</u>**

Mortgagor hereby agrees as follows:

**a.** To appear in and defend any action or proceeding purporting to affect the security of this Unison HomeBuyer Security Instrument or the rights or powers of Mortgagee; and to pay all costs and expenses of Mortgagee (including cost of evidence of title and Attorneys' Fees) incurred: **(i)** in any state, federal, appellate, or bankruptcy court, in any action or proceeding in which Mortgagee may appear, and in any suit brought by Mortgagee to foreclose this Unison HomeBuyer Security Instrument or to collect the Obligations or to protect Mortgagee's rights under this Unison HomeBuyer Security Instrument; and/or **(ii)** in connection with the enforcement of any provisions of this Unison HomeBuyer Security Instrument or in connection with foreclosure upon the collateral granted under this Unison HomeBuyer Security Instrument (whether or not suit is filed).

b. To pay at least ten (10) days before delinquency, all taxes and assessments affecting the Property; and all encumbrances, charges and liens, with interest, on the Property (or any part of the Property), which are prior or could obtain priority to the lien or to the rights granted under this Unison HomeBuyer Security Instrument, and all costs, fees and expenses of this Unison HomeBuyer Security Instrument.

**(i)** If Mortgagor fails to make any payment or to do any act as provided in this Unison HomeBuyer Security Instrument, Mortgagee may (but shall not be obligated to) make the payment or do the act in the required manner and to the extent deemed necessary by Mortgagee to protect the security for this Unison HomeBuyer Security Instrument, which payments and related expenses (including Attorneys' Fees) shall also be secured by this Unison HomeBuyer Security Instrument.



© 2018 Real Estate Equity Exchange

**(ii)** Such performance by Mortgagee shall not require notice to, or demand on, Mortgagor and shall not release Mortgagor from any obligation under this Unison HomeBuyer Security Instrument.

**(iii)** Mortgagee shall have the following related rights and powers: **(A)** to enter upon the Property for the foregoing purposes, **(B)** to appear in and defend any action or proceeding purporting to affect the Property or the rights or powers of Mortgagee under this Unison HomeBuyer Security Instrument, **(C)** to pay, purchase, contest or compromise any encumbrance, charge, or lien that in the judgment of Mortgagee appears to be prior or superior to this Unison HomeBuyer Security Instrument, and **(D)** to employ counsel, and to pay such counsel necessary expenses and costs, including Attorneys' Fees.

**c.** To pay immediately upon demand all sums expended by Mortgagee pursuant to this Unison HomeBuyer Security Instrument; and to pay interest on any of the foregoing amounts demanded by Mortgagee at a rate not to exceed the maximum rate allowed by law at the time of such demand.

**6. Power of Attorney.**

Mortgagor hereby irrevocably appoints Mortgagee as Mortgagor's attorney-in-fact (such agency being coupled with an interest), and as such attorney-in-fact Mortgagee may, after providing notice to Mortgagor pursuant to the Unison HomeBuyer Agreement, without the obligation to do so, in Mortgagee's name, or in the name of Mortgagor, prepare, execute and file or record financing statements, continuation statements, applications for registration and like documents necessary to create, perfect or preserve any of Mortgagee's security interests and rights in or to any of the Property, and, upon a default under this Unison HomeBuyer Security Instrument, take any other action required of Mortgagor; provided, however, that Mortgagee as such attorney-in-fact shall be accountable only for such funds as are actually received by Mortgagee.

**7. Default and Foreclosure.**

Upon default by Mortgagor in the performance of or upon breach by Mortgagor of any of the rights and obligations that are secured by this Security Instrument as specified above, Mortgagee may declare all performance and obligations secured by this Security Instrument immediately due by delivery to Mortgagor of a written declaration of default. If any default shall have occurred and is continuing on the part of the Mortgagor, the Mortgagee may take any or all of the following actions, at the same or at different times:

**a. Possession.** Mortgagee may enter upon and take possession of the Property; lease and let the Property; and receive all the rents, income, issues and profits thereof which are overdue, due or to become due; and apply the same, after payment of all necessary charges and expenses, on account of the Obligations hereby secured. Mortgagee is given and granted full power and authority to do any act or thing which the Mortgagor or successors or assignees of the



© 2018 Real Estate Equity Exchange

Mortgagor who may then own the Property might or could do in connection with the ownership, use and maintenance of the Property. This covenant becomes effective either with or without any action brought to foreclose this Security Instrument and without applying for a receiver of such rents, if any. Should said rents or any part thereof be assigned without the consent of the holder of this Security Instrument, then the Obligations secured by this Security Instrument shall at the option of the holder hereof become due and payable immediately, anything herein contained to the contrary notwithstanding.

**b.** **Appointment of Receiver.** Mortgagee may have a receiver of the rents, income, issues and profits of the Property appointed without the necessity of proving either the depreciation or the inadequacy of the value of the security or the insolvency of the Mortgagor or any other person who may be legally or equitably liable for the Obligations secured hereby, and the Mortgagor and each such person waive such proof and consent to the appointment of a receiver.

**c.** **Fair Rental Payments.** If Mortgagor or any subsequent owner is occupying the Property or any part thereof, it is hereby agreed that the said occupants shall pay such reasonable rental monthly in advance as Mortgagee shall demand for the Property or the part so occupied, and for the use of personal property covered by this Security Instrument or any chattel mortgage.

**d.** **Remedies at Law or Equity.** Mortgagee may take any of the remedies otherwise available to it as a matter of law or equity.

**8.** **Liquidated Damages.**

Liquidated Damages means an amount equal to the sum of:

**a.** the Investor Proceeds, as calculated according to **Article 10 ("Calculations")** of the Unison HomeBuyer Covenant Agreement;

**b.** if Owner failed to make one or more monetary payments, the sum of all monetary obligations (including, without limitation, all **Unpaid Owner Obligations**) owed to Investor by Owner under the Unison HomeBuyer Agreement; and

**c.** any and all amounts, properly chargeable to Owner needed to satisfy Owner's obligations under the Unison HomeBuyer Agreement with respect to Owner's mortgage, tax and insurance obligations on the Property, including late fees, reinstatement fees and other penalties.

**9.** **Late Performance.** By accepting performance of any Obligation after its due date, Mortgagee does not waive its right either to require prompt performance when due of all other Obligations or to declare default for such failure to perform.

**10.** **Mortgagee's Powers**. At any time or from time to time, without liability therefor and without notice, upon written request of Mortgagor and presentation of this Unison



© 2018 Real Estate Equity Exchange

HomeBuyer Security Instrument, and without affecting the personal liability of any person for the performance of the Unison HomeBuyer Agreement secured hereby, Mortgagee may: **(a)** release any part of the Property; **(b)** consent to the making of any map or plat of the Property; **(c)** join in granting any easement thereon; and **(d)** join in any extension agreement or any agreement subordinating the lien or charge of this Unison HomeBuyer Security Instrument.

**11. Defeasance.** If Mortgagor shall well and truly satisfy all Obligations secured hereby at the time and in the manner provided in this Unison HomeBuyer Security Instrument and in the Unison HomeBuyer Agreement, and Mortgagor shall well and truly abide by and comply with each and every covenant and condition set forth in this Unison HomeBuyer Security Instrument and in the Unison HomeBuyer Agreement, then these presents and the title and interest hereby transferred and assigned shall cease, terminate and be void. Mortgagee shall release the Property and renounce any other rights granted to it herein and shall execute, at the request of the Mortgagor, a release of this Unison HomeBuyer Security Instrument and any other instrument to that effect deemed necessary or desirable, upon performance being made on the Obligations secured hereby.

**12. Subordination**. This Unison HomeBuyer Security Instrument is subordinate to and junior to that certain Unison HomeBuyer Recorded Memorandum which affects the Property and is executed by Mortgagor as "**Owner**" as of the same date as this Unison HomeBuyer Security Instrument. Upon any foreclosure of this Unison HomeBuyer Security Instrument by Mortgagee, despite such foreclosure, the Unison HomeBuyer Recorded Memorandum will remain in full force and effect (until released pursuant to its terms) and binding upon any person who now or hereafter obtains an interest in the Property; and the Unison HomeBuyer Agreement will remain in full force and effect and binding upon Mortgagor, and any other person who may agree to be bound by such documents.

**13. Successors.** This Unison HomeBuyer Security Instrument applies to, inures to the benefit of, and binds all parties to this Unison HomeBuyer Security Instrument, their heirs, legatees, devisees, administrators, executors, successors, and assignees. The term "**Mortgagee**" shall include any successor or assignee of Mortgagee's rights in the Unison HomeBuyer Agreement and in this Unison HomeBuyer Security Instrument, whether or not named as Mortgagee in this Unison HomeBuyer Security Instrument. In this Unison HomeBuyer Security Instrument, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

**14. Joint and Several Liability.** If more than one person signs this Unison HomeBuyer Security Instrument as Mortgagor, the obligations of each signatory shall be joint and several.


© 2018 Real Estate Equity Exchange

**15.** **Multiple Owners**. If there are multiple Mortgagors of the Property:

**a.** this Unison HomeBuyer Security Instrument must be signed by each such Mortgagor;

**b.** all rights and powers specified for Mortgagor in this Unison HomeBuyer Security Instrument must be approved and exercised unanimously by all such multiple Mortgagors;

**c.** all such multiple Mortgagors shall be jointly and severally liable for all liabilities and obligations specified for Mortgagor under this Unison HomeBuyer Security Instrument;

**d.** notice required to be given by, or to, Mortgagor will be deemed adequately given if given by, or to, any of Mortgagors using the contact information set forth in this Unison HomeBuyer Security Instrument; and

**e.** Mortgagee may treat any notice received from any one Mortgagor as notice from all Mortgagors.

**16.** **Revocable Trust.** If all or any portion of the Property is held in a **Revocable Trust** (as defined in the Unison HomeBuyer Agreement):

**a.** all trustees of the Revocable Trust must sign this Unison HomeBuyer Security Instrument as Mortgagor in their capacities as trustees of the Revocable Trust, and each trustee of the Revocable Trust who signs this Unison HomeBuyer Security Instrument hereby represents and warrants that all trustees of the Revocable Trust have been disclosed to Mortgagee;

**b.** all rights and powers specified for, and all actions required of, Mortgagor in this Unison HomeBuyer Security Instrument must be approved and exercised unanimously by all trustees of the Revocable Trust;

**c.** all trustees of the Revocable Trust, in their capacities as trustees, shall be jointly and severally liable with any non-trustee Mortgagor for all liabilities and obligations specified for Mortgagor under this Unison HomeBuyer Security Instrument;

**d.** all representations and warranties by Mortgagor in this Unison HomeBuyer Security Instrument are made by all trustees of the Revocable Trust on behalf of the Revocable Trust;

**e.** notice required to be given by, or to, any Mortgagor will be deemed adequately given if given by, or to, any of the trustees of the Revocable Trust using the contact information set forth in this Unison HomeBuyer Security Instrument; and

**f.** Mortgagee may treat any notice received from any one trustee of the Revocable Trust as notice from all trustees of the Revocable Trust and from Mortgagor.


© 2018 Real Estate Equity Exchange

17. **Extent of Lien.** The title granted under this Unison HomeBuyer Security Instrument shall encompass Mortgagor's entire interest in the Property, notwithstanding the fact that the Unison HomeBuyer Agreement relates to only a fractional interest in the Property.

18. **No Merger**. So long as any of the obligations under the Unison HomeBuyer Agreement remains outstanding and undischarged, unless Mortgagee otherwise consents in writing, the fee estate of Mortgagor in the Property or any part thereof (including the estate of Mortgagee after exercising the Unison HomeBuyer Option) will not merge, by operation of law or otherwise, with any other estate in the Property or any part of it, but will always remain separate and distinct, notwithstanding the union of the fee estate and such other estate in Mortgagee or in any other Person.

19. **No Claim of Credit for Taxes**. Mortgagor will not make deduction from or claim credit on the principal or interest secured by this Unison HomeBuyer Security Instrument by reason of any governmental taxes, assessments or charges. Mortgagor will not claim any deduction from the taxable value of the Property by reason of this Unison HomeBuyer Security Instrument.

NON-UNIFORM COVENANTS. Mortgagor and Mortgagee further covenant and agree as follows:

**20. Acceleration; Remedies. Mortgagee shall give notice to Mortgagor by certified mail to the address of the Property or another address designated by Mortgagor prior to acceleration following Mortgagor's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Mortgagor, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Mortgagor of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Mortgagor to acceleration and sale. If the default is not cured on or before the date specified in the notice, Mortgagee at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Mortgagee shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 20, including, but not limited to, reasonable attorneys' fees.**

**If Mortgagee invokes the power of sale, Mortgagee shall cause a copy of a notice of sale to be served upon any person in possession of the Property. Mortgagee shall publish a notice**



© 2018 Real Estate Equity Exchange

**of sale, and the Property shall be sold at public auction in the manner prescribed by Applicable Law. Mortgagee or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**21.** **Release.** Upon payment of all sums secured by this Security Instrument, Mortgagee shall discharge this Security Instrument. Mortgagor shall pay any recordation costs. Mortgagee may charge Mortgagor a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**22.** **Waiver of Homestead.** Mortgagor waives all right of homestead exemption in the Property.

**23.** **Interest on Advances.** The interest rate on advances made by Mortgagee under this Security Instrument shall not exceed the maximum rate allowed by Applicable Law.

[Signatures on following page]



© 2018 Real Estate Equity Exchange

BY SIGNING BELOW, Mortgagor accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Mortgagor and recorded with it.

MORTGAGOR:

| | |
|---|---|
| By: ______________________, Witness | By: x Keith B. Allen<br>Keith B. Allen<br>Date signed: 11-9-19 |
| By: ______________________, Witness | By: x Dawn M. Allen<br>Dawn M. Allen<br>Date signed: 11/9/19 |
| By: ______________________, Witness | By: ______________________<br>Date signed: ______________________ |
| By: ______________________, Witness | By: ______________________<br>Date signed: ______________________ |

________________ **[Space Below This Line for Acknowledgment]** ________________



© 2018 Real Estate Equity Exchange

## SCHEDULE A

### LEGAL DESCRIPTION

That certain real property situated in the City of Roseville, County of Ramsey, State of Minnesota, described as follows:

LOT 2, BLOCK 1, FARRINGTON ESTATES, RAMSEY COUNTY, MINNESOTA.

Parcel Identification Number: [redacted]

[end of legal description]

Street Address: [redacted] Farrington St N, Roseville



© 2018 Real Estate Equity Exchange